UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PRIME CAPITAL VENTURES, LLC,

                Plaintiff,

      -against-                             **COMPLAINT**

REIGN FINANCIAL INTERNATIONAL, INC.        Civil Case No.: 1:23-cv-207 (FJS/DJS)
                                        Date Filed:

                Defendant.

---

      Plaintiff, Prime Capital Ventures, LLC ("Prime"), by and through its attorneys, Girvin & Ferlazzo, P.C., as and for its Complaint against Defendant Reign Financial International, Inc. ("Reign"), states and alleges as follows:

### PARTIES

      1.      Prime is a limited liability corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Albany County, New York.

      2.      Prime is a citizen of the State of New York because Prime's sole member, Kris Roglieri, is a resident of the State of New York.

      3.      Reign is a foreign business corporation organized and existing under the laws of the State of Delaware with its principal place of business at 8 The Green, Suite R, Dover, Delaware.

      4.      Reign is a citizen of Delaware because Delaware is both the state of its incorporation and the location of its principal place of business.

      5.      At all times relevant to this action, Reign has conducted business in the State of New York and within the boundaries of the Northern District of New York.

**JURISDICTION AND VENUE**

6.      This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) insofar as the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the Defendant is not a citizen of the same state as the Plaintiff.

7.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

8.      The instant action seeks the recovery of $20,000,000.00 (the "Investment Funds") due and owing to Prime based upon a breach of the Parties' Trade Agreement for Prime Capital Ventures, LLC No. PCV-RFI-20M-092022, dated October 3, 2022 (the "Trade Agreement").  A copy of the Trade Agreement is attached hereto as Exhibit A.

9.      Pursuant to the Trade Agreement, Prime transferred the Investment Funds to non-party hedge fund Berone Capital Fund, L.P. ("Berone"), for use by Reign in a private commercial transaction (the "Program").  After the Program failed to commence and/or perform, Prime cancelled the Trade Agreement and demanded that Reign take steps necessary to unwind the Program and secure the return of the Investment Funds pursuant to, and in conformance with, its rights and obligations under the Trade Agreement.

10.     Notwithstanding Prime's due demand for return of the Investment Funds, Reign has failed to take the necessary steps to return the same giving rise to the instant claims for breach of contract and conversion.

**BACKGROUND**

11.     The Parties executed the Trade Agreement on October 3, 2022.

12.     The Trade Agreement incorporates by reference a Joint Venture Agreement dated September 28, 2022, between Reign and Prime (the "JVA") and an Escrow Agreement, also dated

September 28, 2022, between Reign, Prime and a New York Attorney, Aaron Aetra, Esq. (the "Escrow Agreement").  Copies of the JVA and Escrow Agreement are attached hereto as Exhibits B and C respectively.

13.     The Agreement, JVA, and Escrow Agreement were the subject of extensive telephone and email negotiations between Reign's principals and Prime's sole member, Kris Roglieri.  At all relevant times, Roglieri conducted these negotiations from within the jurisdictional boundaries of the Northern District of New York.

14.     Pursuant to Paragraph 1.1 of the Trade Agreement, the purpose of the Agreement was to "invest funds in the hedge fund [Berone] so that the hedge fund can provide [Reign] the ability to create an account at BNP Paribas and take said account in to the Program[]."

15.     Pursuant to Paragraph 3.4 of the Trade Agreement, Paragraph 1.1 of the Escrow Agreement, and Paragraph 2.13 of the JVA, the anticipated profits yielded from the Program were to be held and disbursed by New York attorney Aaron Aetra, Esq., who was to act as "paymaster" and "escrow agent."  According to Addendum 1 of the Trade Agreement, Aaron Aetra was to perform these services from his office located at 445 Park Avenue – 9th floor, New York, New York.

16.     Pursuant to Paragraph 2.1.6 of the Trade Agreement, Prime reserved the right to "cancel its contract with Berone and [Reign] at any time while under the [Trade Agreement] due to non-performance of [the] program. . . ." and was further entitled to a return of the Investment Funds within 5 to 7 business banking days "without penalty."

17.     Pursuant to Paragraph 1.5 of the Trade Agreement, "[o]n termination or cancellation of the program, for any reason" or in the event that the Program "did not perform" Reign was required to take "immediate steps" to "unwind the BNP account and have the hedge

fund release [Prime's Investment Funds] back to their designated account at any banking institution they should designate." Further, pursuant to Paragraph 1.5 of the Agreement, Reign was obligated to ensure that the Investment Funds were returned within 5-7 banking days from the receipt of a demand for the same from Prime.

18.    On or about October 21, 2022, pursuant to the JVA, Prime wired the Investment Funds from its CitiBank account in New York State to Signature Bank, also located in New York State.

19.    On November 30, 2022, Reign notified Prime that it had signed a trade contract and officially entered the Program.

20.    Pursuant to Paragraph 1.2 of the Trade Agreement, however, the Program could not begin to perform until "the required Swift MT799 confirmation" was delivered to the trade platform.

21.    Thereafter, between November 30, 2022, and January 24, 2023, Prime contacted Reign on multiple occasions to inquire whether the required Swift MT799 confirmation had been delivered to the trade platform. Reign repeatedly acknowledged that the required Swift MT799 confirmation had not yet been delivered and was unable to provide assurances that the required Swift MT799 confirmation would be delivered.

22.    On January 24, 2023, Prime notified Reign, pursuant to Paragraph 2.1.6 of the Trade Agreement, that it was cancelling the Trade Agreement and demanded that Reign secure the return of its Investment Funds.

23.    During discussions with Reign regarding the return of its Investment Funds, Reign acknowledged it could not secure the return of Prime's Investment Funds was because it had

improperly co-mingled Prime's Investment Funds with its own funds or the funds of its other

clients and leveraged those funds in connection with a transaction not related to the program.

24.     Reign acknowledged to Prime that Prime's Investment Funds could not be released

until that unrelated transaction has been unwound or the funds have been repaid.

25.     Pursuant to Paragraph 1.4 of the Trade Agreement, Reign was not authorized to

comingle Prime's Investment Funds with its own funds or to use Prime's Investment Funds for

any purpose other than to participate in the Program.

26.     To date, Reign has failed to take the steps necessary to return Prime's Investment

Funds.

27.     But for Reign's failure to secure the release of Prime's Investment Funds, Prime

would have been able to invest those funds in other investment opportunities.

28.     By reason of the foregoing, Prime has been damaged by Reign in an amount to be

determined at trial, but no less than $20,000,000.00, plus consequential damages in an amount to

be determined at trial, statutory interest from the date(s) of breach, and costs.

29.     Pursuant to Paragraph 6.4.2 of the Trade Agreement, Prime is also entitled to

recover its attorneys' fees and costs in this action from Reign.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

30.      Plaintiff adopts by reference and incorporates herein the allegations set forth

above.

31.      Pursuant to the Trade Agreement, upon cancellation of the Trade Agreement and

due demand from Prime, Reign was required to take steps to secure the return the Investment

Funds.

32.     Despite cancellation of the Trade Agreement and despite due demand, Reign failed

to take the necessary steps to return the Investment Funds.

33.     Accordingly, Reign has breached the Trade Agreement by failing to take the necessary steps to secure the return the Investment Funds to Prime.

34.     In addition, Reign has breached the Trade Agreement by comingling Prime's Investment Funds with its own funds and or the funds of other investors and using Prime's Investment Funds to participate in an investment that was not authorized by the Trade Agreement.

35.     By reason of the foregoing, Prime has been damaged by Reign's breach of contract in an amount to be determined at trial, but not less than $20,000,000.00, plus consequential damages in an amount to be determined at trial, together with statutory interest from the date(s) of breach, costs and such other and further relief the Court deems appropriate and necessary.

36.     Further, Pursuant to Paragraph 6.4.2 of the Trade Agreement, Prime is entitled to recover its attorneys' fees and costs in this action from Reign.

## SECOND CAUSE OF ACTION: CONVERSION

37.     Plaintiff adopts by reference and incorporates herein the allegations set forth above.

38.     On or about October 21, 2022, pursuant to the Trade Agreement and JVA, Prime wired the Investment Funds to Berone for use by Reign in the Program.

39.     At all times, Prime had a superior right of possession in the Investment Funds over that of Reign.

40.     The Investment Funds were designated for a particular purpose, namely for use in the Program

41.     Pursuant to Paragraph 1.4 of the Trade Agreement, Reign was not authorized to comingle Prime's Investment Funds with its own funds or that of any other investors or to aggregate those funds for purposes of collateralizing the same.

42.     According to statements made by Reign's officers and directors to Prime's sole member on or after it demanded the return of its Investment Funds, in contravention of Paragraph 1.4 of the Trade Agreement, Reign co-mingled Prime's Investment Funds with its own funds or the funds of its other clients and leveraged those funds in connection with a transaction not related to the Program

43.     Reign did not have a legal right to so-encumber the Investment Funds.

44.     These actions were taken without the authority, consent, or knowledge of Prime.

45.     As a result of these unauthorized actions, Reign interfered with Prime's right of possession in the funds.

46.     As a result of the foregoing, Prime sustained and continues to sustain losses by reason of the Investment Funds, lost investment opportunities and interest it could have earned had the funds been timely returned.

47.     Reign is therefore liable to Prime for the full balance of the funds they converted, totaling $20,000,000.00, plus consequential damages in an amount to be determined at trial, as well as any pre- and post-judgment interest to which Prime is entitled by law, and such other and further relief as the Court deems appropriate and necessary.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Prime Venture Capital, LLC, demands Judgment against Defendant Reign Financial International, Inc., as follows:

A money judgment against Defendant Reign Financial International, Inc. for breach of contract and/or conversion in an amount to be determined at trial, but not less than $20,000,000.00, consequential damages in an amount to be determined at trial, together with its attorney's fees, pre and post judgment interest, costs and such other relief as

this Court deems just and necessary.

Dated: February 15, 2023
      Albany, New York

Respectfully submitted,

By:_____

    Daniel S. L. Rubin, Esq.
    Bar Roll No.:  518414
    Patrick J. Fitzgerald, Esq.
    Bar Roll No. 511103
    Girvin & Ferlazzo, PC
    *Attorneys for Plaintiff*
    20 Corporate Woods Boulevard
    Albany, New York 12211
    Tel:    518-462-0300
    Fax:    518-462-5037
    Email: dsr@girvinlaw.com
    Email: pjf@girvinlaw.com