# Exhibit C

# ESCROW AGREEMENT

This **escrow agreement** (the "Agreement") is made as of this 28th day of September 2022 by and among:

**Prime Capital Ventures, LLC, whose registered address is 66 South Pearl St., 10th Floor, Albany, NY 12207 USA, represented by, Kris Roglieri, holder of USA Passport No. 549088988 and** whose address is 40 North Rd., Queensbury, NY 12804 USA (hereinafter referred to as the **"Venturer"**),

## AND

**Reign Financial International, Inc.,** whose mailing address is: **8 The Green, Suite R, Dover, Delaware 19901**, represented by **Dr. Adam Klein**, holder of US Passport No.550333412 (hereinafter referred to as "RFI");

The Venturer and RFI are hereinafter individually referred to as a "Party" and jointly referred to as "the Parties".

## WITH

**AARON ETRA, ESQ.,** whose business address is 445 Park Avenue- 9th Floor, New York, NY 10022, holding U.S.A. Passport No. 550062121 (hereinafter referred to as the **"Escrow Agent"**).

## RECITALS

**WHEREAS,** the Venturer has agreed with RFI, pursuant to a Joint Venture Agreement dated September 28, 2022, attached hereto as Exhibit A (the "JVA"), that funds, representing proceeds from the trading program provided for in the JVA (the "Proceeds"), are to be received by the Escrow Agent functioning as Paymaster under said JVA; and

# ESCROW AGREEMENT

**WHEREAS**, as a consequence of the aforesaid provision of the JVA, the Parties have agreed to appoint an Escrow Agent to receive the Proceeds on terms and conditions set forth therein and herein; and

**WHEREAS**, the Escrow Agent is willing to hold, administer and distribute the Proceeds in accordance with this Escrow Agreement, the JVA or any other agreement entered into by the Parties satisfactory to the Parties and with the prior approval of the Escrow Agent;

**NOW, THEREFORE**, the Parties hereby agree that the foregoing recitals are true and correct and further agree as follows:

## 1.1 Appointment and Acceptance of Escrow Agent.

The Parties appoint **AARON ETRA, ESQ.,** or his designated entity, of 445 Park Avenue-9th floor, New York, NY 10022 as Escrow Agent for the purposes and on the terms and conditions in this Escrow Agreement. The Escrow Agent accepts such appointment and agrees to act as Escrow Agent to receive, hold and dispose of the Proceeds received by it pursuant to this Agreement or any other agreement between the Parties and satisfactory to it. The terms of this Agreement and any other agreement shall be modified only by means of written agreement between the Parties thereto, and a copy of any such modification must be provided to the Escrow Agent for its prior approval.

## 1.2 Escrow Agent's Responsibilities

**Lost Funds.** The Escrow Agent is not responsible for any Proceeds lost or otherwise affected by the insolvency, failure, action or inaction of or by the bank selected by the Escrow Agent in whose account the Proceeds are deposited and during the time they are so deposited.

(a)     **Limitations On Escrow Agent's Liability.** The Escrow Agent will not be liable to the Parties or anyone else for acting as directed by the instructions as contained in this Escrow Agreement. The Escrow Agent shall not be responsible in any way for determining the legality or sufficiency or appropriateness of the Client's or Agent's actions in connection with the transaction contemplated by this Escrow Agreement, the JVA or any other agreement between the Parties, or the sufficiency, correctness, originality, validity, accuracy, or legality of any instruments or representations made in connection herewith, the JVA or any other agreement between the Parties. The

# ESCROW AGREEMENT

Parties agree to indemnify and hold the Escrow Agent fully harmless from and against any and all losses, costs, damages, claims, liabilities, expenses, and attorney fees suffered or incurred by the Escrow Agent in connection with this Escrow Agreement, the JVA or any other agreement between the Parties.

(b)      **Limitation of Duties.**

The Escrow Agent shall have no obligation or liability hereunder except as a depositary to retain the Proceeds which may be deposited with it hereunder and to deal with the same in accordance with the terms hereof. The Proceeds are not designed to function as a trust or a bank account and shall not establish an attorney/client or any other fiduciary relationship between the Venturer or RFI and the Escrow Agent. For all purposes, the Escrow Agent may assume that: (i) all documents were signed by the persons whose signatures appear on them; (ii) the persons signing all documents are old enough and competent to sign; (iii) any person signing for someone else has authority to do so; and (iv) any written notice or instruction from any of the Parties is true and accurate. The Escrow Agent shall be entitled to rely and act upon any written instrument received by it from any Party, and if a corporation, purporting to be executed by an officer thereof, and if a partnership, purporting to be executed by a general partner thereof, and shall not be required to inquire into the authority of such officer or partner or the correctness of the facts stated in said instrument. Upon disposition by the Escrow Agent, in accordance with the terms hereof and/or any other agreement between the Parties, of all funds with it, the Escrow Agent shall be fully and finally released and discharged from any and all duties, obligations and liabilities hereunder and any other agreement between the Parties.

(c)      **Disputes.**

The Escrow Agent is not required to decide disputes or resolve conflicting demands from the Venturer, RFI or any other party. The Escrow Agent can wait for the dispute to be settled by these parties or by a court. The Escrow Agent may seek the assistance of any court of its choosing with competent jurisdiction, pay any Proceeds it holds into said court, and ask the court to decide the dispute. Once the Escrow Agent files an action to seek such assistance from a court, the Escrow Agent has no more liability or obligation for Proceeds deposited with the court. In the event of a dispute between any of the Parties hereto as to their

# ESCROW AGREEMENT

respective rights and interests hereunder, the Escrow Agent shall be entitled to hold any and all Proceeds then in its possession until such dispute shall have been resolved by the parties in dispute and the Escrow Agent shall have been notified by instrument jointly signed by all of the parties in dispute, or until such dispute shall have been finally adjudicated by a court of competent jurisdiction.

**(d)**      **Resignation.**

The Escrow Agent may resign from his duties hereunder at any time by giving notice of such resignation to the Parties, specifying a date when such resignation shall take effect. If the Escrow Agent resigns without appointing a successor Escrow Agent, the Parties shall jointly appoint a successor Escrow Agent.

**(e)**      **Discharge of Escrow Agent**

The Escrow Agent agrees that the Parties may, by mutual written agreement at any time, remove the Escrow Agent as Escrow Agent hereunder, and substitute any bank or other individual for the Escrow Agent, in which event, on receipt of written notice thereof the Escrow Agent shall account for and deliver to such substituted Escrow Agent the Proceeds held by it less its fees and expenses provided for hereunder, and the Escrow Agent shall thereafter be discharged from all liability under this Escrow Agreement.

**(f)**      **General.**

a.i. Escrow Agent is authorized to destroy or otherwise dispose of any and all documents, papers, instructions, correspondence, and other material pertaining to this escrow at the expiration of two (2) years from the close of escrow or cancellation thereof, without liability or further notice to the Parties and may take such action at any earlier point in time with the consent of the Parties.

a.ii. Escrow Agent is not to be concerned with matters of a leasing agreement or any other agreement between Venturer and RFI except as specifically provided in this Agreement.

# ESCROW AGREEMENT

1.3 **Receipt of Escrow Monies.**

The Escrow Agent will acknowledge receipt, in the bank account it notifies to the Parties, of the funds representing the Proceeds, to be received pursuant to the JVA. All further sums received by the Escrow Agent pursuant to this Agreement, the JVA and any other agreement between the Parties approved by the Escrow Agent shall be deposited in such bank account as the Escrow Agent shall notify and shall be included as part of the Proceeds.

1.4 **Deposit of Escrow Monies.**

The Escrow Agent shall deposit said Escrow Monies in, and shall provide the Parties with the details of, the bank account he decides to be used for this purpose. The account shall be a non- interest-bearing account. All amounts comprising the Proceeds shall be registered and held in the name of the Escrow Agent or his designee and shall be distributed to the payee entitled to receive said sum as provided herein and in the JVA.

## Part II
## Release of Escrow/Expenses

2.1 **Specific Performance Agreement**

RFI has agreed to arrange for the transfer/deposit into escrow with the Escrow Agent the Proceeds and to provide to the Escrow Agent written instructions as to the disbursement thereof pursuant to the JVA and this Agreement. The Escrow Agent has agreed to notify the Parties that Proceeds, when received, are free and clear and available for release and disbursement pursuant hereto and the JVA.

2.2 **Release and Transfer of Escrow Monies.**

The Escrow Agent shall release and disburse the Proceeds, after payment of its fees and expenses, pursuant to the instructions of RFI, and on notice from it, as provided herein and in the JVA, and no further notice or action from or by the Venturer shall be necessary.

2.3 **Fees and Expenses.**

# ESCROW AGREEMENT

The Escrow Agent will be compensated for its services hereunder by a non-refundable fee of One-Half of One Percent (0.5%) of the Proceeds, per tranche/transfer/deposit received, payable from the Proceeds, immediately on the receipt of any tranche/transfer/deposit of Proceeds. The Escrow Agent also shall be reimbursed for any reasonable expenses incurred by it hereunder, including bank charges, disbursements, court costs and reasonable fees and expenses of any attorneys which it may need to consult in connection with the performance of its duties hereunder and shall be compensated at its current rates for all additional services it deems necessary to be provided. Escrow Agent shall have a lien upon all Proceeds it received, to cover all of its fees and expenses and Escrow Agent is fully authorized to deduct such from any amounts on deposit hereunder after receipt by the Parties of written notice of the amounts to be so deducted.

## Part III
## Miscellaneous

**3.1 Notices.**

Any notice including confirmation of the receipt of any funds or other communication required to be sent or given hereunder by any of the Parties or to and from the Escrow Agent shall in every case be in writing duly signed and shall be deemed properly served if (a) delivered personally, (b) sent by registered or certified mail, in all such cases with first class postage prepaid, return receipt requested (effective five (5) business days after dispatch), (c) delivery by a registered overnight courier service, or (d) sent by email transmission to the Parties at the addresses set forth below or at such other addresses as may be notified pursuant hereto. Notices shall be sent, as follows:

If to Venturer:      **Prime Capital Ventures, LLC**

**Address:  66 South Pearl St., 10th Floor, Albany, NY 12207 USA**

Tel.: +1 518-852-9933
E-Mail: kris@primecommerciallending.com

# ESCROW AGREEMENT

If to RFI:                    Reign Financial International, Inc.
                             8 The Green, Suite R
                             Dover, Delaware 19901

With Copy to:                **Juan Carlos A. Marquez, Esq.**
                             Address: 1629 K Street, NW, Suite 300
                             Washington, DC 20006
                             Tel. 202.792.7303
                             E-Mail: juancarlosmarquez-gc@reignfi.com

If to Escrow Agent: **Aaron Etra, Esq.**
                             445 Park Avenue, 9th Floor New
                             York, NY 10022, USA
                             Telephone: +1 (917) 856-3500
                             Email: aaron@etra.com

## 3.2 Headings.

The section headings contained in this Escrow Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of the Escrow Agreement. All pronouns shall be deemed to refer to the masculine, feminine, neuter, singular, or plural, as the identity of the persons, firm or corporation require in the context thereof.

## 3.3 Severability.

If any provision of this Escrow Agreement is determined by a Court to be invalid or unenforceable, such determination shall not affect any other provision, each of which shall be construed and enforced as if such invalid or unenforceable portion were not contained herein. Such invalidity or unenforceability shall not affect any valid and unenforceable application thereof, and each such provision shall be deemed to be effective, in the manner and to the fullest extent permitted by law.

## 3.4 Construction and Exclusive Jurisdiction.

# ESCROW AGREEMENT

This Escrow Agreement shall be governed by, and construed in accordance with, the substantive laws of the State of New York without giving effect to its conflict of laws. Actions or proceedings litigated in connection with this Agreement, if any, shall be venued exclusively in the appropriate courts of the State and County of New York.

## 3.5 Multiple Counterparts.

This Escrow Agreement may be executed by the Venturer, RFI and the Escrow Agent in separate counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

## 3.6 Amendments and Waivers.

This Escrow Agreement is binding and inures to the benefit of the Parties hereto and their respective successors and assigns. An amendment, supplement, modification or waiver of this Escrow Agreement is not binding unless executed in writing by the Parties and the Escrow Agent. No waiver of any of the provisions of this Escrow Agreement shall be deemed or shall constitute a waiver of any other provision hereof (whether or not similar), nor shall such waiver constitute a continuing waiver unless otherwise expressly provided.

## 3.7 Attorney's Fees.

If a dispute arises between the Parties regarding this Agreement, on the issuance of a final, non-appealable order or judgment by a court of competent jurisdiction, the prevailing party's legal fees and related expenses shall be paid by the non-prevailing party. The determination of which party is the "prevailing" party shall be made by the court issuing such final, non-appealable order or judge.

**[The rest of this page was intentionally left blank]**

# ESCROW AGREEMENT

**IN WITNESS WHEREOF** the Parties hereto and the Escrow Agent, as duly authorized, have entered into this Escrow Agreement, as of the date first above written, by signing below:

Venturer:                Prime Capital Ventures, LLC, represented by Kris Roglieri

By: Kris Roglieri, Owner

RFI:                     Dr. Adam Klein, President

By: Dr. Adam Klein, President

Escrow Agent:            Aaron Etra, Esq.

By: Aaron Etra, Esq.

# ESCROW AGREEMENT

## EXHIBIT A: The JVA

The JVA is dated September 28, 2022 and contains the following reference code:

**REFERENCE CODE: PCV-RFI-20M-092022**