

May 10, 2024

**VIA ECF**
Hon. Daniel J. Stewart
U.S. Magistrate Judge
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

      Re:    *Prime Capital Ventures, LLC v. Reign International Financial, et al.*
              1:23-CV-00207 (FJS/DJS)

Dear Judge Stewart:

      As you know, I represent Defendants in the above-referenced matter and write pursuant to the Court's directive following the April 26, 2024 conference wherein Plaintiff Prime Capital Ventures, LLC's ("Plaintiff or "Prime") counsel requested to conduct discovery in this matter. For the reasons stated herein, the Court must deny Plaintiff's request.

      Initially, it is submitted that Plaintiff's request for discovery is premature and, as a result, must be denied because the parties have never conferred at a Rule 26(f) conference, entered a stipulation to conduct early discovery, or obtained an order to begin discovery prior to a conference and submission of a scheduling order for the Court's approval. *See* FED. R. CIV. P. 26(d)(1). For those same reasons, the court in *Nieves v. Just Energy NY Corp.*, 2020 US Dist. LEXIS 213610, at *5 (W.D.N.Y. Nov. 13, 2020, No. 17-CV-561S) granted the defendant's motion to stay discovery pending resolution of their motion to dismiss.

      To the extent the Court considers Plaintiff's request procedurally proper, it must still be denied. Plaintiff's request for early discovery is governed by a good cause showing. *See Nieves*, 2020 US Dist. LEXIS 213610, at *6. In support of their request, Plaintiff claims it "has legitimate concerns that the longer discovery is delayed, the less likely it will become that Prime will ever be able to locate and claw back the funds that were collected by Karo at Prime's expense." Dkt. No. 55. Prime's discovery request and claim of "duplicitous" conduct by Defendants here must be compared with their contradictory position in the related matter they reference in their letter brief pending before Judge D'Agostino, *Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC, et al.*, 1:24-CV-00055 ("*Compass-Charlotte*").

      In *Compass-Charlotte*, Prime is alleged to have defrauded customers who sought commercial loans from Prime out of tens of millions of dollars to fund its principal's, Kris Roglieri's, lavish lifestyle as detailed in Temporary Receiver Paul A. Levine, Esq.'s status reports. *See* Dkt. Nos. 37 & 173. In *Compass-Charlotte*, Prime has taken exactly the opposite position that it takes here. It has sought to stay discovery at all costs, including pending appeal from Judge D'Agostino's Order granting expedited

discovery. *See* Dkt. No. 56. Its basis for that stay is a binding arbitration agreement. *See* Dkt. No. 58. Prime's motion for a stay of discovery pending their application to compel arbitration in *Compass-Charlotte* is also relevant here:

> First, courts in the Second Circuit have routinely recognized that the discovery rules in arbitration are "substantially different" from those in federal court, being generally less burdensome, more efficient, and more cost effective. *Id.* at *2. Thus, as the *Al Thani* court noted, "the general practice of district courts" is to stay discovery pending a decision on a motion to compel arbitration. *Id.* (quoting *Intertec Contracting v. Turner Steiner Int'l, S.A.*, 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001)). Staying discovery while a motion to compel arbitration is pending "helps prevent duplicative and inefficient litigation" as well as "ensur[ing] that a litigant is not deprived" of its right to arbitrate due to inadvertent waiver from participating in discovery. *Id.*

*Compass-Charlotte,* Dkt. No. 58.

Prime is correct, and the Court must deny their application and stay discovery here pending Defendants' Motion to Compel Arbitration, because, as they argued in *Compass-Charlotte*, inefficient (and continued costly) litigation would result. Staying discovery pending the resolution of a motion to compel arbitration is also the prevailing position of courts in this circuit, as Prime detailed:

> As a result, numerous courts in this Circuit have stayed or otherwise denied discovery (both general and expedited) when a motion to compel arbitration is pending. *See, e.g., Oestreicher v. Equifax Info. Servs.*, LLC, 2023 WL 3819378, at *2 (E.D.N.Y. June 5, 2023) (staying discovery pending ruling on motion to compel arbitration); *Marsh & McLennan Agency LLC v. Williams*, 2023 WL 2242074, at *1-2 (S.D.N.Y. Feb. 27, 2023) (same); *Dome Tech., LLC v. Golden Sands Gen. Contractors, Inc.*, 2017 WL 11577923, at *2 (D. Conn. July 24, 2017) (same); *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 641-44 (S.D.N.Y. 2012) (staying discovery pending interlocutory appeal of motion to compel arbitration to Second Circuit); *Al Nawasi Trading Co. v. BP Amoco Corp.*, 191 F.R.D. 57, 58-59 (S.D.N.Y. 2000) (denying expedited discovery as "endrun around plaintiffs' admitted obligation" to submit such request to arbitrator, which had power to order expedited discovery as well).

*Compass-Charlotte*, Dkt. No. 58.

Although Prime cites the factors for a stay in their letter and places the burden on Defendant, these factors "should be evaluated differently where a motion to compel arbitration is involved". *Ahmad v Day*, 2021 US Dist. LEXIS 32401, at *2 (S.D.N.Y. Feb. 22, 2021). "Motivated by this same concern, courts in this Circuit have stayed discovery pending the resolution of a motion to compel arbitration without even investigating the three-part test cited above. . . . Citing . . . concern for judicial economy, many other courts have followed suit, one going so far as to observe that 'the general practice of district courts,' is to impose 'a stay of discovery . . . while the motion to compel arbitration [i]s pending.'" *Id.* (internal citations omitted). "In other words, there is a strong case to be made that a motion to stay discovery pending a motion to compel arbitration — unlike a motion to stay discovery pending a motion to dismiss — should be granted absent compelling reasons to deny it." *Id.*

Here, Prime has offered far from compelling reasons to engage in discovery. Its urgency is belied by its decision to amend its pleading for a second time several months into litigation and engage in motion practice. Prime is on its third complaint. It also waited to make the instant application for over a year and a half. Prime's counsel raised the fact that motions have been pending for a year before Judge Scullin at the Court's conference to request leave to file instant application, but given the lack of a final pleading or discovery order, and the "significant motion practice . . . this case is still in early stages." *Palladino v JPMorgan Chase & Co.*, 345 FRD 270, 275 (EDNY 2024) (staying discovery pending resolution of the defendant's anticipated motion to dismiss two (2) years into litigation).

Even on Prime's request for "limited discovery", they have failed to identify what prejudice would befall them without discovery. Discovery will not allow them to "claw back the funds that were collected by Karo". Dkt. No. 55. They seek discovery from Karo because their claims against him and the Court's jurisdiction over him are in significant jeopardy as a result of the substantial briefing in support of Defendants' Motion to Dismiss and to Compel Arbitration. *See* Dkt. Nos. 26 & 37. So much so, that Prime Moved to Amend and file a third complaint that ballooned in page length and causes of action from Prime's initial two (2) cause of action, eight (8) page filing. *Compare* Dkt. No. 1 with 36-3. In any event, Prime's position that the funds it seeks to claw back are somehow all of the sudden in danger is, again, belied by facts elicited in *Compass-Charlotte*. As Judge D'Agostino determined:

> On January 18, 2024, the Receiver e-mailed Messrs. Beguese and Stone, "Berone's principals." *Id.* at ¶ 31. They informed the Receiver that the joint venture agreement between Prime Capital and Berone was fake, and that Prime Capital was a "client" of Berone. *See id.* at ¶¶ 34-38. Mr. Beguese stated that Berone did not have $52 million, but only $7.2 million "under management." *Id.* at ¶ 41. The Receiver asserted that based on financial records in Prime Capital's Citibank account, the funds "were not used exclusively for [intended] purposes but, in fact, covered very significant overdrafts in the account and was used to refund deposits to other clients or for other improper purposes" such as purchasing a multi-million-dollar house and luxury car and air travel. *Id.* at ¶¶ 50-66.

*Compass-Charlotte*, Dkt. No. 56.

Again, to the extent Prime now seeks to conduct discovery and claim "duplicitous" conduct against Defendants here, the Court must review their request with their contradictory positions and documented fraud in *Compass-Charlotte*.

By comparison, the prejudice to Defendants in granting Prime's request without resolution of their Motion to Dismiss and to Compel Arbitration is substantial. "Defendant [Karo] faces substantial prejudice if the stay is not granted, given that 'under certain circumstances, a party that commences litigation may waive its right to arbitration.'" *Dome Tech., LLC v Golden Sands Gen. Contrs., Inc.*, 2017 US Dist. LEXIS 233337, at *5 [D. Conn. July 24, 2017, No. 3:16-cv-01607-VAB]). Furthermore, "at this point in the litigation, proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources." *Spencer Trask Software & Info. Servs. v RPost Intl.*, 206 FRD 367, 368 (SDNY 2002). As the Court is aware, Defendants' prior counsel moved to withdraw as a result of about $70,000 in outstanding legal fees. Said fees were spent on the substantial briefing of the potentially dispositive Motions to Dismiss and Compel Arbitration. Defendants should see the

result of those resources, one way or the other, rather than engaging, opposing, or seeking to appeal any premature discovery order.

Thus, even if the Court considers the three (3) factors to stay discovery instead of simply staying as a result of Defendants' Motion to Compel Arbitration, which is the prevailing practice in this circuit, those factors weigh heavily in Defendants' favor to issue a stay and deny Plaintiff's application. The strength of Defendants' pending Motions to Compel Arbitration and Dismiss are clear. They are extremely well-briefed and raise significant jurictional issues dispositive to this matter, which is likely why Judge Scullin has taken time to review them. The prejudice of permitting discovery would be severe: Defendants could waive their right to arbitration. That prejudice is furthered by the continued and significant expense that Defendants have already invested, which they would be deprived of if the pending dispositive motions are not resolved before discovery. Finally, the discovery Prime seeks is exactly what it sought to avoid in *Compass-Charlotte*, but now seeks here. Prime's contradictory positions must not be lost on the Court. Its motion must be denied.

Thank you for your time and attention to this matter. Should the Court require anything further, please contact my office.

Very truly yours,

Matthew A. Toporowski, Esq.

Cc: Daniel S. Rubin, Esq. *(via ECF)*
    Patrick J. Fitzgerald, III, Esq. *(via ECF)*
    Bonnie Rose Watson, Esq. *(via ECF)*
    Girvin & Ferlazzo, P.C.
    20 Corporate Woods Blvd.
    Albany, NY 12211