UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRIME CAPITAL VENTURES, LLC,<br><br>                                   Plaintiff,<br><br>v.<br><br>REIGN FINANCIAL INTERNATIONAL, INC., GIORGIO JOHNSON, GARY MILLS, and MARTIN KARO,<br><br>                                   Defendants. | Case No.: 23-cv-207 (FJS/DJS) |

**PLAINTIFF'S STATUS REPORT REGARDING
SUGGESTION OF BANKRUPTCY**

**TO THE HONORABLE FREDERICK J. SCULLIN, JR.,
UNITED STATES DISTRICT JUDGE:**

Prime Capital Ventures, LLC, the plaintiff in the within action ("Plaintiff"), by and through its counsel, Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S")[1], hereby submits this Status Report of its bankruptcy proceeding in accordance with the Court's Order, dated November 1, 2024 at Dkt. No. 60, and respectfully represents as follows:

**BACKGROUND**

1. On February 15, 2023, Plaintiff commenced this action by filing a complaint asserting claims against all defendants (collectively, "Defendants") for fraud (Claim No. 1), against Defendants Reign Financial International, Inc. ("Reign"), Giorgio Johnson ("Johnson"), and Gary Mills ("Mills") for fraudulent concealment (Claim No. 2), and against Defendant Reign

---

[1] KWJS&S is not appearing as counsel to Plaintiff in this action. KWJS&S represents Plaintiff in connection with the pending bankruptcy case of *In re Prime Capital Ventures, LLC*, Case No. 24-11029 (REL) pursuant to that certain order of the bankruptcy court, dated October 16, 2024, at Dkt. No. 37. Unless and until relieved, Plaintiff's counsel of record in this case shall continue to be the firm of Girvin & Ferlazzo, P.C.

1

for breach of contract and conversion (Claim Nos. 3 and 4) [Dkt. No. 1, as amended at Dkt. No. 4, the "Amended Complaint")]. Plaintiff seeks damages in this action of not less than $20 million.

2. On June 12, 2023, Defendants filed a motion to dismiss the claims asserted in the Amended Complaint (the "Motion to Dismiss") [Dkt. No. 26]. Plaintiff filed opposition to the Motion to Dismiss along with a cross-motion to amend the complaint on July 21, 2023 (the "Motion to Amend") [Dkt. No. 36]. Defendants filed opposition to the Motion to Amend [Dkt. No. 37], and Plaintiff filed a reply with respect to such opposition [Dkt. No. 38]. The Motion to Dismiss and Motion to Amend have been fully briefed and awaiting decision since September 25, 2023.

3. On May 14, 2024, Plaintiff, by and through Paul Levine (the "Receiver") in his capacity as federal equity receiver for Plaintiff appointed by this Court in a separate matter under Case No. 24-cv-00055 (MAD) (CFH), Dkt. No. 8 (N.D.N.Y. Jan. 12, 2024) (the "Receivership Case"), filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") under Case No. 24-10157 (the "Prior Bankruptcy Case").

4. On May 22, 2024, Plaintiff, by and through the Receiver, filed a Suggestion of Bankruptcy in this matter and asserted that "[t]his action is founded on a claim against the [Plaintiff] and under which the ["plaintiff"] seeks recover against property of the estate" and that this action is consequently stayed pursuant to section 362(a) of the Bankruptcy Code [Dkt. No. 59].

5. On July 23, 2024, the Bankruptcy Court entered a memorandum decision and order dismissing the Prior Bankruptcy Case [Bk. Ct. 24-10531 Dkt. No. 85].

6.  On September 16, 2024, Plaintiff, this time by and through its manager Christian Dribusch serving in his capacity as the chapter 7 bankruptcy trustee of the estate of Kris Roglieri[2], the sole member of the Plaintiff, filed a subsequent voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court commencing Case No. 24-11029 (REL) (the "Current Bankruptcy Case").

### STATUS REPORT

7.  As stated above, the Prior Bankruptcy Case which prompted Plaintiff's filing of the Suggestion of Bankruptcy has been dismissed.  Further, Plaintiff respectfully disagrees with the assertions made by prior counsel that this action was or is subject to the automatic stay.  To the contrary, Plaintiff is the plaintiff in this action and no claims have been asserted against Plaintiff by Defendants or any other party.  Accordingly, this action is not stayed pursuant to section 362(a) of the Bankruptcy Code.  Nor is Plaintiff requesting that this action be stayed for any other reason.

8.  Based upon the foregoing, Plaintiff respectfully submits that this matter may proceed and that the Court may rule upon the pending Motion to Dismiss and Motion to Amend at its convenience.  Further, Plaintiff is currently considering whether additional claims that did not exist prior to the commencement of its bankruptcy cases should be asserted against Defendants including claims for the avoidance of actual and constructive fraudulent transfers and recovery thereof under sections 544(a), 548(a)(1)(A) and (B), and 550 of the Bankruptcy Code, and N.Y. Debt. & Cred. Law §§ 273 and 274.  Plaintiff reserves any and all rights to do so either in the within action or in a separate proceeding in the Bankruptcy Court.

---

[2] *See In re Kris Roglieri*, Case No. 24-10157 (REL) (Bankr. N.D.N.Y. Feb. 15, 2024).

Dated: New York, New York
December 3, 2024

                **KLESTADT WINTERS JURELLER**
                **SOUTHARD & STEVENS, LLP**

By: */s/ Fred Stevens*
Fred Stevens
Lauren C. Kiss
200 West 41st Street, 17th Floor
New York, New York 10036-7203
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: fstevens@klestadt.com
lkiss@klestadt.com

*Counsel to Debtor Prime Capital Ventures, LLC, in Connection with its Current Bankruptcy Case*