

December 10, 2024

**VIA ECF**
Hon. Frederick J. Scullin, Jr.
Senior U.S. District Court Judge
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

      Re:    *Prime Capital Ventures, LLC v. Reign International Financial, et al.*
             1:23-CV-00207 (FJS/DJS)

Dear Judge Scullin:

      We represent Defendants in the above-referenced matter and write pursuant to the Court's December 5, 2024 directive to file a response to the status report filed by Plaintiff Prime Capital Ventures, LLC's ("Prime") newest bankruptcy counsel, Klestadt Winters Jureller Southard & Stevens, LLP ("KWJSS").

      Prime's prior bankruptcy counsel, who apparently was not retained and never paid, filed a suggestion of bankruptcy and requested that this matter be stayed pursuant to 11 U.S.C. § 362.[1] Prime's new bankruptcy counsel, KWJSS, disagreed with that assessment in their status report because there are no claims pending against Prime in this action. While true at the moment, Defendants moved to dismiss this action (and Prime's second amended complaint) because the parties' dispute is subject to binding arbitration and Prime's amended pleading still contains fatal defects that require its dismissal. Thus, the opportunity for Defendants to assert counterclaims in their answer (if this matter is not dismissed), in a separate action, or at arbitration remains available to Defendants.

      Prime's bankruptcy counsel submits in their status report that this matter may proceed. Yet whether or not it is prudent for the Court to rule on the pending motions (and certainly whether or not to engage in discovery should Defendants' motion not be granted), respectfully must take into account the several civil actions with multiple parties and claims against Prime, the criminal indictment against Prime's sole member Kris Roglieri (that mirrors the allegations in a civil suit), and the bankruptcy proceeding(s), as Judge D'Agostino recently ruled. *See* 1:24-cv-00055, Dkt. 188 ("The Court finds it prudent to exercise its discretion to *sua sponte* stay this case pending resolution of a parallel criminal proceeding and/or bankruptcy appeal in Case Nos. 24-CV-939 and 24-MJ-261.").

---

[1] Bond, Schoeneck & King, PLLC ("BSK") listed itself as "Proposed Bankruptcy Counsel" on their suggestion of bankruptcy. *See* Dkt. 59. Prime's new bankruptcy counsel, KWJSS, has indicated in bankruptcy filings that BSK is now a creditor of Prime.

**Toporowski Law, PLLC**
P.O. Box 7271   Albany, New York 12224
p: 845.532.3513  |  e: matthew.toporowski@gmail.com |  w: www.ToporowskiLaw.com

More recently, Judge D'Agostino affirmed her August 28, 2024 ruling to stay the related matter in response to Receiver Paul A. Levine's Fifth Report and request for a conference: "At this time, no further action should be undertaken by the Receiver as this case will remain stayed pending resolution of one or both of the other proceedings. Payment to individuals or entities retained by the Receiver is also stayed." *See id.* at Dkt. 192.[2]

Further, Magistrate Judge Stewart previously denied Prime's request to proceed with discovery in this matter noting: "(1) the requirements of Federal Rule of Civil Procedure 26 (f) have not been satisfied; (2) there is a pending Motion by Defendants to compel arbitration and to dismiss; and (3) in a related case, Judge DAgostino prohibited similar discovery until there was a resolution of an appeal pending in the Second Circuit." Dkt. 57.

Based on the foregoing, Defendants defer to the Court's sound discretion at this time in issuing a stay in this matter outside and in addition to Magistrate Stewart's stay of discovery. As Judge D'Agostino held, "A district court may defer[ ] civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seem[ ] to require such action." *Rex & Roberta Ling Living Tr. u/a Dec. 6, 1990 v. B Commc'ns Ltd.*, 346 F. Supp. 3d 389, 400 (S.D.N.Y. 2018) (quoting *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)). "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Sec. & Exch. Comm'n v. LaGuardia*, 435 F. Supp. 3d 616, 620-21 (S.D.N.Y. 2020) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936))."; *see also Hicks v. City of N.Y.*, 268 F. Supp.2d 238, 242 (E.D.N.Y. 2003) ("[T]he strongest argument for granting a stay is where a party is under criminal indictment").

Finally, to the extent the Court does not stay this matter given the several parallel proceedings, Defendants reserve their rights to the extent this matter is not dismissed to seek a stay at the appropriate time.[3]

Thank you for your time and attention to this matter. Should the Court require anything further, please contact my office.

Very truly yours,

*[signature]*

Matthew A. Toporowski, Esq.

---

[2] KWJSS' most recent report for Prime in the bankruptcy proceeding indicated that Prime has about $1.9 million in operating funds. With extensive civil litigation against Prime by multiple parties, $100 million to $500 million in liabilities as reported by Receiver Levine, bankruptcy proceedings and appeals, a criminal indictment, and potential arbitration, it remains to be seen how Prime will continue to fund litigation (instead of paying creditors) with multiple counsel, some billing near $1,000 an hour.

[3] Prime itself has previously sought to stay the related civil matters.

Cc: Daniel S. Rubin, Esq. *(via ECF)*
Patrick J. Fitzgerald, III, Esq. *(via ECF)*
Bonnie Rose Watson, Esq. *(via ECF)*
Girvin & Ferlazzo, P.C.
20 Corporate Woods Blvd.
Albany, NY 12211