

July 25, 2025

**<u>VIA ECF</u>**
Hon. Magistrate Daniel J. Stewart
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

   Re: *Prime Capital Ventures, LLC v. Reign International Financial, et al.*
     1:23-CV-00207 (FJS/DJS)

Dear Judge Stewart:

   I represent Defendants in the above-referenced matter and write pursuant to the Court's July 11, 2025 directive to file a response to the request by Plaintiff Prime Capital Ventures, LLC's ("<u>Prime</u>") newest counsel to engage in premature discovery.

   By way of brief background, Prime sought discovery in this matter though Defendant's Motion to Dismiss & Compel Arbitration was (and remains) pending (as does Plaintiff's Motion to Amend seeking to interpose a third pleading).  Defendant, which spent substantial resources on its motion and looks forward to a decision, objected to Plaintiff's premature discovery request.  This Court then ordered:

> Plaintiff has filed a Letter Request to conduct limited discovery in this matter. Dkt. No. 55. Counsel for Defendants has objected to the request noting: (1) the requirements of Federal Rule of Civil Procedure 26 (f) have not been satisfied; (2) there is a pending Motion by Defendants to compel arbitration and to dismiss; and (3) in a related case, Judge D'Agostino prohibited similar discovery until there was a resolution of an appeal pending in the Second Circuit. Dkt No. 57. After consideration of the arguments presented by counsel, the Court declines to open limited discovery at this time. After a decision on the Motion to Compel Arbitration is rendered, and if appropriate, a discovery conference will be held with the Court and discovery deadlines will be set. SO ORDERED. Signed by Magistrate Judge Daniel J. Stewart on 5/21/2024. (Stewart, Daniel) (Entered: 05/21/2024)

Dkt. 58.

Respectfully, nothing has changed since the foregoing ruling was issued. Defendant's motion and Plaintiff's cross-motion remain pending. No Rule 26(f) conference has been held. Discovery remains stayed before Judge D'Agostino in a related matter.[1]

Subsequently, Judge Scullin requested a status report on Prime's Bankruptcy proceeding. *See* Dkt. 62. Counsel for Prime again advised that this matter should proceed. *See* Dkts. 61 & 63. Notably, in response Judge Scullin did not authorize discovery, and the pending motions remain with Judge Scullin. Again, there has been no change in circumstances in this matter since the Court last issued Orders and Directives related to and denying discovery.

Plaintiff then sought discovery in Bankruptcy Court. It notes that it has successfully done so several times and has issued multiple subpoenas. That may be very well, but many of those applications were not opposed. Defendant opposed Prime's discovery application in Bankruptcy Court and the Court, rightfully so, did not grant said application because of the pending District Court matters, which take precedence under the pending proceeding rule. *See e.g. In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) ("once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004.").

Now, Plaintiff returns again to this Court (after being denied in Bankruptcy Court) seeking premature discovery. Defendant opposes this request for the same reasons it has before. *See* Dkt. 57. Nothing has changed in this matter that requires the Court to revise its prior Orders. The circumstances still remain that led the Court to rightfully determine that discovery here is premature: pending motion(s), the absence of a Rule 26 conference, and a stay of discovery in a related District Court matter. Respectfully, for these reasons and those previously provided to the Court (Dkt. 57), which are expressly incorporated herein by reference, Defendant requests that the Court adhere to its prior Orders and Directives.

Thank you for your time and attention to this matter. Should the Court require anything further, please contact my office.

Very truly yours,

Matthew A. Toporowski, Esq.

---

[1] *See Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC, et al.,* 1:24-CV-00055, Dkt. 170. Judge D'Agostino's Order only permitted discovery pursuant to an arbitration agreement, and not the Federal Rules, not in Bankruptcy Court, and not until an appeal is resolved.

Cc:    Daniel S. Rubin, Esq. (*via ECF)*
        Patrick J. Fitzgerald, III, Esq. (*via ECF)*
        Bonnie Rose Watson, Esq. (*via ECF)*
        Girvin & Ferlazzo, P.C.
        20 Corporate Woods Blvd.
        Albany, NY 12211

        Fred Stevens, Esq. (*via ECF)*
        Klestadt Winters Jureller Southard Stevens, LLP
        200 West 41st St., 17th Floor
        New York, NY 10036