

90 MERRICK AVENUE, 9TH FLOOR
EAST MEADOW, NY 11554
PHONE: 516.296.7000 • FAX: 516.296.7111
www.certilmanbalin.com

Nicole L. Milone
PARTNER
DIRECT DIAL 516.296.7127
nmilone@certilmanbalin.com

July 25, 2025

**Via CM/ECF**

Hon. Frederick J. Scullin, Jr., Senior U.S. District Judge
U.S. District Court for the Northern District of New York
James M. Hanley Federal Building & U.S. Courthouse
100 S. Clinton St., P.O. Box 7255
Syracuse, New York 13261

Hon. Daniel J. Stewart, U.S. Magistrate Judge
U.S. District Court for the Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, 4th Floor
Albany, New York 12207

    Re:    **Prime Capital Ventures, LLC v Reign
             Financial International, Inc., et al.
             Case No.:1:23-cv-00207 (FJS/DJS) (the "Action")**

Dear Judge Scullin and Magistrate Stewart:

    We are counsel to Berone Capital Fund LP (the "Berone Hedge Fund"), Berone Capital Partners LLC, Berone Capital LLC, Berone Capital LLC, Berone Capital Equity Fund I, LP and 405 Motorsports LLC f/k/a Berone Capital Equity Partners LLC (collectively, "Berone") and Jeremiah Beguesse and Fabian Stone (collectively, the "Barone Principals, and collectively with Berone, the "Berone Parties"). The Berone Hedge Fund is referenced in the amended complaint filed in this Action [ECF Doc. No. 4, ¶¶ 12, 13, 16, 17, 24, 26, 34, 38, 39, 54, 82] and is a potential third party witness in this Action. This letter is in response to the letter [ECF Doc. No. 65] (the "Trustee Letter") filed by Yann Geron (the "Trustee"), as chapter 11 trustee of Prime Capital Ventures, LLC ("Prime Capital") concerning the current stay of discovery in this Action and the Trustee's requests in the Prime bankruptcy case pending in the U.S. Bankruptcy Court for the Northern District of New York, [Bankr. N.D.N.Y. 24-11029-rel] for discovery under Federal Rule of Bankruptcy Procedure 2004. Here, the Trustee admits that this Action directly concerns "Prime's transfer of $20 million to Berone Capital Fund LP." Letter 2. Accordingly, any discovery



Judge Scullin and Magistrate Stewart
July 25, 2025
Page 2

concerning that $20 million and its usage should be obtained in this Action. *See* FED. R. CIV. P. 26(b)[1].

The Berone Parties also believe that the Trustee is already or should be in possession of Berone Hedge Fund bank statements and other related banking documents, including the Prime Capital bank accounts, that fully account for that $20 million after it was voluntarily transferred to the Berone Hedge Fund for which Prime Capital received a substantial interest in the Berone Hedge Fund as a limited partner. Those statements are believed to have been obtained by Paul H. Levine, as federal equity receiver last year in the *Compass-Charlotte 1031, LLC v. Prime Capital Ventures, LLC*, Case No. 24-cv-ff (MAD/DJS) (N.D.N.Y. Jan. 12, 2024) litigation.

The Berone Parties' issue in the Bankruptcy Case goes beyond the pending proceeding rule. A copy of the Berone Parties' objection in the Bankruptcy Case is annexed hereto as Exhibit A. The documents sought in that case by the Trustee clearly are rooted in the receipt and usage of the $20 million but go far outside what would be permitted in this Action under Rule 26(b). *See* Obj. ¶¶ 7-9. That would include seeking the Berone Principals' personal banking records without any linkage whatsoever from the Prime Capital and Berone Hedge Fund account records believed to already be in the Trustee's possession.

With regard to the current stay of discovery in this Action pending a decision on the pending Motion to Compel Arbitration [ECF Doc. Entry 26 and 58], the Berone Parties submit that it should include the Berone Hedge Fund or any other Berone Parties as long as it is in effect.

Respectfully,

/s/ *Nicole L. Milone*
Nicole L. Milone

---

[1] "***Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26



cc: (via CM/ECF)
    Fred Stevens, Esq.
    Daniel S. L. Rubin, Esq.
    Matthew A. Toporowski, Esq.

8618541.1